**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| AMANDA HARROD,<br><br>Plaintiff,<br><br>v.<br><br>BASS PRO OUTDOOR WORLD, L.L.C., DBA ISLAMORADA FISH COMPANY, *ET AL.*,<br><br>Defendants. | **Case No.: EDCV 17-02386-CJC(SHKx)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION

On October 25, 2017, Plaintiff Amanda Harrod filed this action in the San Bernadino County Superior Court, against her former employer Defendant Bass Pro Outdoor World L.L.C., dba Islamorada Fish Company, and Does 1 through 20. (Dkt. 1-2

Ex. A [hereinafter, "Compl."].)  On November 27, 2017, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (Dkt. 1.)  On December 27, 2017, Plaintiff filed the instant motion to remand the case, arguing that Defendant had failed to establish the amount in controversy exceeds $75,000.  (Dkt. 9 [hereinafter, "Mot."].)  For the following reasons, the motion is DENIED.

## II.  BACKGROUND

Plaintiff was employed by Defendant from July 2015 to August 2017.  (Compl. ¶¶ 12, 26.)  Plaintiff claims she was harassed by her co-workers and retaliated against for complaining about this harassment.  (*Id*. ¶¶ 12–16.)  After Plaintiff was transferred to another location, Plaintiff claims she was sexually harassed by her supervisor, Mr. Wolf, and reported his conduct.  (*Id*. ¶¶ 17–19.)  As a result of Plaintiff's complaints, Mr. Wolf was fired and Plaintiff was harassed by her co-workers for reporting his conduct.  (*Id*. ¶¶ 20–26.)  Plaintiff also alleges she was subjected to a severe and pervasive hostile work environment, discriminated against because of her sex, and wrongfully terminated in retaliation for making her complaints.  (*Id*. ¶¶ 18, 21, 25–26.)  Plaintiff also alleges that she was denied a lunch break on thirty-two occasions during her employment, and was denied a rest break each day that she worked.  (*Id*. ¶ 27.)

In her Complaint, Plaintiff asserts nine causes of action: (1) hostile work environment–sexual harassment in violation of the California Fair Employment and Housing Act, Government Code Section 12940, *et seq.* ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (4) "wrongful constructive termination" in violation of public policy; (5) failure to provide meal and rest breaks, in violation of California Labor Code Section 226.7; (6) failure to provide accurate wage statements, in violation of California Labor Code Section 226; (7) waiting-time penalties pursuant to California Labor Code Sections

201, 202, and 203; (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress. (*Id*. ¶¶ 30–103.)

Plaintiff seeks relief in the form of general and special damages, including "emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame," as well as past and future wage loss, punitive damages for acts that were taken and carried out in "willful, knowing, and intentional" manner, and attorneys' fees. (*Id*. ¶¶ 35–39, 46–50, 55–58, 68–70, 77, 84, 95–96, 102–103; Prayer for Relief ¶¶ 1–2, 6–7, 9.) Plaintiff also seeks one hour of premium pay, at her regular rate of pay, for each missed meal or rest period, statutory penalties for failure to provide accurate wage statements, and thirty days' wages as a waiting-time penalty. (*Id*. ¶¶ 77, 83, 89.) Additionally, Plaintiff seeks payment of unpaid wages, liquidated damages, civil penalties, injunctive relief, interest, costs of suit, and any other relief that is just and proper. (*Id*. Prayer for Relief, ¶¶ 3–5, 8, 10–11.) Plaintiff does not allege any specific amount of damages, but does seek" damages in excess of the jurisdictional limit of" the Superior Court, indicating she seeks over $25,000 for an unlimited civil action. (*See, e.g., id.* ¶ 103.)

## III. LEGAL STANDARD

Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). A district court has original "diversity" subject matter jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1). The district court has jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a different state than each defendant. *See id*.; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). If it appears that

the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the Court must remand the action to state court.  28 U.S.C. § 1447(c).  In addition, for "any defect other than the lack of subject matter jurisdiction," a plaintiff may file a motion to remand the case to state court within 30 days after the filing of the notice of removal.  28 U.S.C. § 1447(c); *see also Kelton Arms Condo Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  To satisfy the preponderance of the evidence test for jurisdiction, the court can "consider facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.*  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  In measuring the amount in controversy, the Court assumes the allegations in the complaint are true and the jury will return a verdict in favor of the plaintiff on all claims therein.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

//

## IV. DISCUSSION

Plaintiff's Complaint is silent as to the amount of damages claimed. (*See generally* Compl.) Plaintiffs argues that remand is appropriate because there has been no evidence or discovery regarding her damages to date, and that Defendant's Notice of Removal "argues a completely hypothetical amount in controversy." (Mot. at 6–7.) Specifically, Plaintiff argues that Defendant failed to provide evidence of jury verdicts in analogous cases to support its claim that her emotional distress damages, punitive damages, and attorneys' fees will exceed $75,000. (*Id.* at 7–9.) Defendant was only required to include a "plausible allegation" in its notice removal, and has provided ample case law and evidence in its opposition to Plaintiff's motion to establish that Plaintiff's requested damages exceed $75,000. (Dkt. 13 [hereinafter, "Opp."].) Plaintiff filed no reply to contest Defendant's showing. (*See generally* docket entries.)

On Plaintiff's FEHA claims, she can seek an award of back pay from the time of the unlawful adverse action until the date of judgment, as well as front pay for the time after trial. *See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1139–40 (N.D. Cal. 2016) (noting that a plaintiff alleging a violation of FEHA may seek both "[f]ront pay . . . a measure of damages for loss of future income" and "backpay, which is lost-wages damages through the time of trial."). Cal. Gov't Code § 12965. Defendant calculates Plaintiff's back pay damages to be worth between $9,350 and $14,399, based on Plaintiff's hourly wage of $11 per hour and her past monthly average of 77 hours of work (maximum value). (Opp. at 11–12; Dkt. 13-1 ¶¶ 4–5.) Defendant calculates Plaintiff's front pay damages for one year of wages to be worth between $6,600 to $10,164, based on the same wage and hour values. (Opp. at 12–13.) *See Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *4 (C.D. Cal. May 30, 2014) (including reasonable estimate of front pay and back pay in amount in controversy analysis).

Plaintiff also seeks statutory penalties for the lunch and rest breaks Defendant denied her under California Labor Code section 226.7. Defendant calculates that Plaintiff can seek $704 for the 32 missed lunch breaks for her two years of employment, $1,100 for missed rest periods (based on missing 25% of rest periods), a $4,000 penalty for failure to provide Plaintiff with accurate wage statements, and waiting time penalties of $1,320 (equal to 30 days of daily wages based on Plaintiff's last full month of employment.) (Opp. at 13–14; Dkt. 13-1 ¶¶ 4–5, 7.) Plaintiff can conservatively seek $7,124 in statutory penalties.

Defendants provide evidence of jury verdicts from cases with analogous facts where the plaintiff's emotional distress and punitive damages was well in excess of $75,000. (Opp. at 14–20.) "[S]ettlements and jury verdicts in similar cases can provide evidence of the amount in controversy [where] the cases must be factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012) (citing *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (considering damages awarded in a "not perfectly analogous" case as evidence "that emotional distress damages in a successful employment discrimination case may be substantial"); *Conrad Associates v. Hartford Accident & Indemnity Co.,* 994 F. Supp. 1196, 1200 (N.D.Cal.1998) (accepting evidence of jury verdicts on analogous punitive damages claims as sufficient to show that the amount in controversy requirement was met)). Defendants provide numerous cases where the plaintiff brought claims for sexual harassment, hostile work environment, and retaliation. (Dkt. 13-2 Exs. B-1 [*Paterson v. California Department of General Services, et al.*, No. 2:05-CV-00827-MCE-JFM (E.D. Cal. April 10, 2008) (jury awarded $500,000 in past emotional distress and $275,500 in other non-economic damages where plaintiff complained of sexual harassment and then suffered additional harassment by co-workers for making complaint)], B-2 [*McCarthy and Schmitt v. R.J. Reynolds Tobacco Company*, No. 2:09-CV-02495-WBS-DAD (E.D. Cal. June 12, 2011) (awarding each plaintiff

$150,000 in emotional distress damages and $250,000 in punitive damages in case involving hostile work environment, sexual harassment, and retaliation), B-4 [*Borck v. City of Los Angeles*, No. 99-11575-TJH (C.D. Cal. April 1, 2009) (jury awarded $1,300,000 in emotional distress damages to plaintiff after determining that defendant had failed to prevent sexual harassment and retaliation)].)

Two cases Defendant cites have particularly analogous facts, concerning a plaintiff who objected to sexually harassing behavior by a supervisor, the supervisor was fired, the plaintiff was subjected to harassment as a result by co-workers and was ultimately terminated. (Dkt. 13-1Ex. B-9 [*Taylor v. Nabors Drilling USA, LP*, No. 56-2011-00393016CU-WT-VTA (Cal. Superior September 11, 2012) (jury awarded $150,000 in non-economic damages and $10,000 in economic damages in case involving claims for hostile work environment sexual harassment, failure to prevent sexual harassment, unlawful retaliation, and wrongful termination in violation of public policy)], Ex. B-10 [*Astor v. Rent-A-Center, Inc.*, No. 03AS048644 (Cal. Superior August 5, 2005) (plaintiff awarded $250,000 in non-economic damages in FEHA sexual harassment and wrongful termination case)].) These cases plainly illustrates that Plaintiff's damages for emotional distress and punitive damages alone are more than likely to exceed $75,000.

In light of the value of Plaintiff's claims for compensatory damages (back pay and front pay), statutory penalties, emotional distress, and punitive damages, there is no question that Plaintiff could recover more than $75,000 should she succeed on all of her claims.

Plaintiff requests an award of attorneys' fees and costs for filing this motion to remand. (Mot. at 9–10.) However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). As Defendant

1  properly removed this action, the Court DENIES Plaintiff's request for attorneys' fees

2  and costs.

4  **V. CONCLUSION**

6      For the foregoing reasons, Plaintiff's motion to remand is DENIED.

8      DATED:     February 5, 2018

10                           CORMAC J. CARNEY

11                           UNITED STATES DISTRICT JUDGE